**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN ANTONIO VALIENTE,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-71803

Agency No. A070-196-900

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Juan Antonio Valiente, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's denial of his motion to reopen deportation proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Valiente's motion to reopen and rescind his removal order where he had actual notice of his hearing and failed to establish "exceptional circumstances" warranting reopening. *See* 8 U.S.C. § 1229a(b)(5)(C); *see also Singh-Bhathal v. INS*, 170 F.3d 943, 946-47 (9th Cir. 1999) (erroneous advice of immigration consultant to not appear at hearing did not constitute "exceptional circumstances"); *Reyes v. Ashcroft,* 358 F.3d 592, 596-97 (9th Cir. 2004).

The agency did not abuse its discretion in denying Valiente's motion to reopen as untimely where the motion was filed over four years after he became or ought to have become aware of his eligibility for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, § 203(c), 111 Stat. 2160 (1997), and Valiente did not demonstrate the due diligence required for equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.43(e)(1); *Albillo-De Leon v. Gonzales,* 410 F.3d 1090, 1099-1100 (9th Cir. 2005) (equitable tolling of the NACARA deadline is available where alien is unable to obtain vital information related to his claim despite all due diligence).

11-71803

We lack jurisdiction to consider Valiente's contention that his case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder,* 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**